960 F.2d 156
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lieutenant Colonel Juan M. MATA, Plaintiff-Appellee,
v.
The UNITED STATES, Defendant-Appellant.
 No. 90-5142.
 United States Court of Appeals, Federal Circuit.
 March 17, 1992.
 
 1
 Before NIES, Chief Judge, ARCHER, Circuit Judge, and COHN, District Judge.*
 
 
 2
 COHN, District Judge.
 
 
 3
 The United States appeals the August 14, 1989 Order of the United States Claims Court directing that Lieutenant Colonel Juan M. Mata (LTC Mata) receive back pay and active duty retirement benefits on the grounds that he had been involuntarily released after serving more than 18 years of active duty and requesting "sanctuary" under 10 U.S.C. § 1163(d) (1988).[1] The Order of the Claims Court is predicated on its decision Wilson v. United States, 16 Cl.Ct. 765 (1989) which, on appeal, was vacated and remanded by this Court, Wilson v. United States, 917 F.2d 529 (Fed.Cir.1990) (in banc), cert. denied, 111 S.Ct. 2825 (1991). For the reasons that follow, we vacate the Order of the Claims Court and remand for further proceedings consistent with our decision in Wilson.
 
 I.
 
 4
 LTC Mata is an officer in the United States Army Reserve. He was released from active duty on October 30, 1980, by which time he had attained the rank of Major and had served 16 years, 2 months and 10 days of accumulated active duty. LTC Mata then became a member of the Army Reserve and was promoted to his current rank. LTC Mata served several tours of duty as a reserve officer.
 
 
 5
 LTC Mata's last tour of duty, classified as "Special Active Duty for Training" (SADT), began on April 22, 1987. During that tour, LTC Mata learned of our decision in Ulmet v. United States, 822 F.2d 1079 (Fed.Cir.1987), which held that a reserve officer with more than 15 years active duty could "tack on" active duty for training time in computing the time required for entitlement to sanctuary under § 1163(d). On August 4, 1987, LTC Mata sent a memorandum to the Chief, Army Reserve, requesting that he be retained on active duty until he had completed 20 years of active federal service (AFS). The memorandum relied specifically on § 1163. LTC Mata did not receive a reply to the memorandum. He was involuntarily released from active duty (REFRAD) at the expiration of his tour on August 28, 1987.
 
 II.
 
 6
 LTC Mata, in his action in the Claims Court, asserted that his REFRAD on August 28, 1987 occurred after he had accumulated more than 18 years AFS and had requested sanctuary from involuntary release. LTC Mata argued that his REFRAD was, therefore, in violation of § 1163(d).
 
 
 7
 The Claims Court found that the involuntary release of LTC Mata on August 28, 1987 violated § 1163(d). The Claims Court observed that LTC Mata's memorandum of August 4, 1987 was a request for the extension of his tour directed to the appropriate authority. The Claims Court reasoned that LTC Mata had not executed any waiver of his sanctuary right in connection with this last tour of duty, nor had the Secretary approved his involuntary release as required by § 1163(d). The Claims Court relied on its decision in Wilson, an appeal from which was pending before this Court. The Claims Court decision in Wilson, in turn, relied on Ulmet v. United States, 822 F.2d 1079 (Fed.Cir.1987).
 
 III.
 
 8
 Subsequent to the Claims Court's disposition of LTC Mata's claim, we reviewed the Claims Court's decision in Wilson. We overruled our prior decision in Ulmet, vacated the Claims Court decision in Wilson, and remanded for factual determinations.
 
 
 9
 The decision in Ulmet categorically included active duty for training in the computation of eligibility for sanctuary and retirement. Contrary to the position of the United States, however, Wilson cannot fairly be read to endorse the opposite extreme of categorically excluded tours merely because they are classified as SADT or as "Active Duty for Training" (ADT). A proper reading of Wilson suggests that the intent of Congress in enacting and amending § 1163(d)[2] is to be accomplished by viewing the facts at hand. Both the categorical inclusion of Ulmet and the categorical exclusion advocated by the United States would raise form over substance and displace the intent of Congress in the process.
 
 
 10
 The Claims Court, by relying on the categorical inclusion approach taken in Ulmet, did not find it necessary to determine whether LTC Mata was, in fact, serving a training tour or a working tour. On remand, it will be necessary for the Claims Court to determine whether LTC Mata's service was, in fact, active duty for training and, therefore, excluded from the computation of eligibility for sanctuary and retirement, or active duty for purposes other than training and, therefore, included in the computations.[3]
 
 IV.
 
 11
 For the reasons stated, the Order of the Claims Court is vacated and the case is remanded to the Claims Court for further proceedings consistent with this opinion and Wilson.
 
 COSTS
 
 12
 Each party shall bear its own costs.
 
 
 
 *
 Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 10 U.S.C. § 1163(d) provides: Under regulations to be prescribed by the Secretary concerned, which shall be as uniform as practicable, a member of a reserve component who is on active duty (other than for training) and is within two years of becoming eligible for retired pay or retainer pay under a purely military retirement system, may not be involuntarily released from that duty before he becomes eligible for that pay, unless his release is approved by the Secretary
 
 
 [2]
 The parenthetical clause, "(other than for training)" was added by amendment of the statute on December 30, 1987. Pub.L. 100-224, § 4, 101 Stat. 1538. See text supra note 1. As we observed in Wilson, this language was added "to restore the original intent" of § 1163(d). 917 F.2d at 535
 
 
 [3]
 The United States, relying on United States v. Testan, 424 U.S. 392 (1976), for the proposition that the Claims Court lacks the authority to reclassify military personnel, argues that remanding this case for a factual determination is the equivalent of directing the Claims Court to decide whether to reclassify LTC Mata. Testan held that the Claims Court exceeded its authority by supplanting the judgment of the Civil Service Commission with its own judgment on which of two existing classifications should be applied to the claimants. This case, however, does not present a choice between existing classifications, but turns on whether the classifications existing at the time of LTC Mata's service accommodated the intent of Congress embodied in § 1163